IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | |
| CARMEN INES ROSADO RAMOS | * | CASE NO. 12-00327 BKT |
| Debtor | * | CHAPTER 7 |
| CARMEN INES ROSADO RAMOS | * | AVOIDANCE OF LIEN 11 U.S.C. SECTION 522(f) |
| Movant | * | |
| RAFAEL A. ORTIZ NEGRON | * | |
| Respondent | * | |
| ROBERTO ROMAN VALENTIN, ESQ | * | |
| Chapter 7 Trustee | * | |

### RESPONSE TO MOTION TO
### AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f)

**TO THE HONORABLE COURT:**

**NOW COMES, RAFAEL A ORTIZ NEGRON**, creditor, through the undersigned attorney, and very respectfully states and prays as follows:

### I. Introduction

1. On April 19, 2012, the debtor filed a motion to avoid lien pursuant to 11 U.S.C. 522(f), as to Rafael A Ortiz Negron's judicial lien, in the above captioned case.

2. Creditor Rafael A. Ortiz Negron ("respondent") hereby respectfully submits his response to the debtor's motion to avoid lien, docket no. 33.

Page – 2 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

### II. Counter Statement of Uncontested Facts

3. Pursuant to State Court Order dated September 10, 2007, civil case no. D CD 2001-1544 *Banco Santander Puerto Rico v. Carlos Augusto Mercado Martinez, et al.* , First Instance Court of Puerto Rico Bayamon Superior Court, respondent Ortiz Negron obtained and caused to be duly registered, a judicial lien "embargo" against the debtor's real property located at Urb Encantada Entre Rios Trujillo Alto Puerto Rico (the "Encantada property").

4. After the judicial lien was registered at the Property Registry, on February 23, 2009, the debtor moved the State Court and obtained an Order eliminating or annulling said judicial lien. Although this State Court Order was not a "final order", the debtor moved the Property Registry and obtained the incorrect elimination or cancellation of the above described judicial lien.

5. After having the Property Registry remove the judicial lien without a **"final order"**, the debtor applied for and obtained from Banco Popular Puerto Rico ("BPPR") a mortgage loan modification, which mortgage was modified through mortgage deed #409 dated December 21, 2010, before Notary Public Denise Marie Ocasio Rivera, registered at page ("folio") 153, volume ("tomo") 775, Trujillo Alto, "finca" #27,298, 10th inscription ("inscripción 10ma").

6. On November 15, 2011, the State Court Order annulling the embargo, was reversed and set aside, **reinstating the above described judicial lien to its full force and effect, retroactive to its original date, September 10, 2007**.

Page –3 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

7. On January 23, 2012, the debtor filed the above captioned bankruptcy case under Chapter 7, 11 U.S.C. §§ 701, et seq.

8. On February 22, 2012, the Standing Chapter 7 Trustee, Roberto Román Valentín, Esq., filed a report of no distribution, *inter alia*, abandoning the Encantada property. The Trustee's abandonment was not objected to by any party and the same became "final".

9. On March 12, 2012, respondent Ortiz Negron filed a motion requesting the modification of the stay, docket no. 18, to allow said creditor to act and notify the Property Registry that the judicial lien had been reinstated as per State Court Order dated November 15, 2011, since any action against debtor's property was stayed upon the filing of the present bankruptcy case.

10. On March 29, 2012, debtor filed her first motion to avoid lien pursuant to 11 U.S.C. §522(f) and responded to creditor's motion to modify stay, docket no. 22.

11. At the scheduled preliminary hearing held on April 10, 2012, the Court issued the following *Order:*

> "ORDER: The Court has not jurisdiction, the property is no longer part of the estate. Debtor's opposition (docket #22) becomes moot. SO ORDERED." *Order*, dated April 10, 2012, docket no. 30.

12. The above mentioned Order dated April 10, 2012, was not timely appealed nor a motion for reconsideration was timely filed with the Court.

Page –4 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

13. On April 19, 2012, the debtor filed a second motion to avoid lien pursuant to §522(f), docket no. 33.

### III. Legal Argument

### A. The jurisdictional issue

14. At the hearing held on April 10, 2012, the Court held that it did not have jurisdiction to entertain the debtor's §522(f) motion since the Encantada property was no longer property of the estate. *Order*, docket no. 30.

15. The Court ruled that the Chapter 7 Trustee had "abandoned" the Encantada property, had given adequate notice to the debtor, creditors and parties in interest, no objections to said "abandonment" had been timely filed and, therefore, the same was no longer property of the estate.

16. The question arises as to whether or not the Court had subject matter jurisdiction to entertain the first §522(f) motion independent of the fact that the Encantada property was no longer property of the estate.

17. We must conclude that the Bankruptcy Court's ruling is correct and should stand, since the Court lacked jurisdiction regarding this matter considering that the Encantada property was no longer property of the estate.

18. Courts have an independent obligation to confirm that subject matter jurisdiction is present, whether an objection on that ground is made or not. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L.Ed. 2d 1097 (2006).

19. Pursuant to § 157 of the Judicial Code, 28 U.S.C. 157, the Bankruptcy Court's

subject matter jurisdiction is established as follows:

"28 USC §157 Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11,referred under subsection (a) of this section, and may enter appropriate orders, and judgments, subject to review under section 158 of this title,

(c) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or **exemptions from property of the estate** (emphasis supplied), and estimation of claims or interests for purposes of confirming a plan . . . ;
(C) . . . 28 U.S.C. §157.

20. The debtor's §522(f) motion is based on the allegation that respondent's judicial

lien impairs debtor's homestead exemption. 11 U.S.C. §522(f) states as follows:

"(f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs and exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
(A) a judicial lien, . . . ; . . . ". 11 U.S.C. §522(f)

21. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure applies Rule

12(b)(1) of the Federal Rules of Civil Procedure to adversary proceedings. Pursuant to

Rule 12(b)(1) FRCP, a case will be dismissed under this provision if the court lacks

Page –6 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

jurisdictional authority over the subject matter of the dispute.

22. A claim can be challenged under this provision both *facially* and *substantively*. West, *Federal Civil Rules Handbook*, 2012, at page 433; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L.Ed. 2d 1097 (2006).

23. On a facial challenge, the defendant contests the adequacy of the language used in the pleading. The pleader is required to formally aver the basis for jurisdiction in federal court; if the pleader fails to do so, the pleading can be dismissed. West, *Federal Civil Rules Handbook*, 2012, at page 433; *Gibbs v. Buck*, 307 U.S. 66, 77, 59 S. Ct. 725 (1939).

24. On a *substantive* challenge, the defendant objects to the factual merits of the asserted federal jurisdiction. West, *Federal Civil Rules Handbook*, 2012, at page 433; *Memphis BioFuels, LLC v. Chickasaw Nation Indus., Inc.*, 585 F 3rd 917, 919 (6th Cir. 2009).

25. On a *substantive* challenge, the pleading itself may have adequately alleged the presence of federal subject matter jurisdiction, **but the actual facts and allegations before the court may belie that averment, confirming that federal jurisdiction is absent** (emphasis supplied) and, thus, compelling the case's dismissal. West, *Federal Civil Rules Handbook*, supra; *Gibbs v. Buck*, 307 U.S. 66, 77, 59 S. Ct. 725 (1939).

26. In the case at bar, it is undisputed that the debtor's §522(f) motion was filed after the Encantada property had already been abandoned by the Trustee, and was no longer

property of the estate. Rule 6007(b) of the Puerto Rico Local Bankruptcy Rules.

27. Thus, the Bankruptcy Court lacks jurisdictional authority over this subject matter in accordance with this Court's *Order*, dated April 10, 2012, docket no. 30.

### B. The *res judicata* issue

28. As previously stated, the April 10, 2012 *Order* held that that the Court had no jurisdiction to enter into matters related to the Encantada property.

29. However, at the April 10, 2012 hearing the Court stated and the debtor acknowledged that if the debtor was not in agreement with this Order, she was to file a motion for reconsideration or the appropriate appeal from said Order. See "Audio File", hearing of April 10, 2012, docket no. 29.

30. The debtor did not file a motion for reconsideration, Rule 9024 FRBP, nor did she file an appeal from said Order, Rule 8001 FRBP.

31. It is therefore undisputed that said *Order* became a "final and unappealable Order".

32. In view of the fact that the debtor has elected to file a second §522(f) motion as a separate contested matter, an issue of *res judicata* arises.

33. The April 10, 2012 *Order*, an adverse ruling against the debtor's first §522(f) motion, and the April 19, 2012, second §522(f) motion, bear "identical claims" (same transaction or occurrence), "identical" parties and a "final judgment" on the merits of the case in the first litigation.

Page –8 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

34. It is undisputed that the first and second §522(f) motions have "identical claims" (same transaction or occurrence) and "identical" parties.

35. The issue arises on whether or not an Order dismissing a contested matter on jurisdictional grounds is a "judgment on the merits of the case", for *res judicata* to apply.

36. Cases dismissed on jurisdictional grounds, such as Rule 12(b)(1) (lack of subject matter jurisdiction) have *res judicata* effect only to the extent that the jurisdictional issue is foreclosed. West, *Federal Civil Rules Handbook*, 2012, §2.21, at page 169; *Semtek Intern, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S Ct. 1021 (2001); *Costner v. URS Consultants, Inc.*, 153 F. 3rd 667, 673 (8th Cir. 1998).

37. The debtor's second §522(f) motion fails to address the fact that there is a previous final Order with a *res judicata* effect on that second motion. Furthermore, the debtor's second motion also fails to address the merits of the jurisdictional issue and/or fails to allege a different theory that would block a dismissal of said second motion on the same jurisdictional grounds of the first motion.

38. Furthermore, the debtor's second §522(f) motion fails to state the legal grounds to establish that the Court has subject matter jurisdiction to entertain said motion. Case law cited by debtor in her second motion does not address the specific "jurisdictional issue" herein presented.

39. The April 10, 2012 *Order* foreclosed any subsequent collateral attack on the jurisdictional issue and thus, the same has a *res judicata* effect which bars re-litigation of

the same matter previously litigated. Thus, dismissal of the debtor's second 522(f) motion

is warranted.

### C. The lien avoidance sought by debtor should not defeat respondent's security interest on the Encantada property

40. The interlocutory State Court order which originally annulled respondent's lien,

was not a "final order" and the same was vigorously opposed by respondent.

41. Respondent's opposition caused the State Court to reverse the same, **reinstating the above described judicial lien to its full force and effect, retroactive to its original date, September 10, 2007**.

42. Although the debtor knew of the ongoing litigation at the State Court regarding the reinstatement of respondent's lien, she moved the Property Registry with the interlocutory order and caused the incorrect and temporary annulment of said lien.

43. It is an undisputed fact that debtor's pre-petition conduct caused the Puerto Rico Property Registry to incorrectly and temporarily annul and eliminate respondent's lien.

44. After the Property Registry incorrectly removed respondent's lien, the debtor applied for and obtained a mortgage loan modification with BPPR.

45. At the time BPPR modified its mortgage loan, the property Registry reflected no lien or embargos on the Encantada property, and the mortgage loan modification was executed on December 21, 2010, before Notary Public Denise Marie Ocasio Rivera, registered at page ("folio") 153, volume ("tomo") 775, Trujillo Alto, "finca" #27,298, 10th inscription ("inscripción 10ma").

46. On November 15, 2011 the State Court reversed and set aside the previous Order annulling the embargo, reinstating the above described judicial lien to its full force and effect, retroactive to its original date, September 10, 2007.

47. **Therefore, the reinstatement of respondent's lien rearranges the priorities between creditors at the Property Registry.**

48. As a result of debtor's pre-petition conduct, what originally was a second rank lien on the Encantada property (respondent's 2007 lien) now became a first rank lien because of BPPR's 2010 mortgage loan modification.

49. In this scenario, respondent's first rank lien is fully secured and the same may not be avoided pursuant to §522(f). *In re Silveira*, 141 F 3d 34 (1st Cir. 1998).

50. In the First Circuit Court case of *In re Nelson*, 192 F 3d 32 (1st Cir. 1999), a similar issue was brought before the Court, which held that the lien avoidance formula should not be applied when its application would "distort priorities between creditors". *In re Nelson, supra.*

51. The Court in the case of *In re Nelson, supra*, held in pertinent part, as follows:

> "Exemptions serve the 'fresh start' aim of the bankruptcy statute, as well as other social ends, by preserving certain assets-like an interest in the bankrupt residence or the debtor's work tools-against most claims by general creditors. But, as already noted, **under the Code exemptions do not themselves defeat security interests in property**. As expressed purpose of Congress in enacting section 522(f)'s avoidance provision was to prevent unsecured creditors from bypassing exemptions simply by converting their claims into judicial liens and obtaining security interests in otherwise exempt property. H.R. Rep. No. 95-595, 126-27 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6087-88.

Page –11 –
Creditor's Response to §522(f) Motion
Case no. 12-00327 BKT7

> . . . Courts are not required to follow literal language where it would produce
> and outcome at odds with the purpose of Congress and where the result
> stems merely from an unintended quirk in drafting. E.g. Sagansky v. United
> States, 358 F. 2d 195, 201 (1st Cir.), cert. denied, 385 U.S. 816, 87 S. Ct. 36,
> 17 L. Ed. 2d 55 (1966)." *In re Nelson, supra.*

### IV. Conclusion and prayer for relief

52. In summary, debtor's second motion fails to show that the Court has jurisdiction

to entertain the same that this second motion is *res judicata* and that respondent's first

rank lien **may not** be avoided. Thus, respondent respectfully requests that for the above

stated reasons the Court enter an Order denying debtor's second §522(f) lien avoidance

motion, docket no. 33.

**WHEREFORE**, Rafael A Ortiz Negron respectfully requests the Court to grant the

present response and deny debtor's motion to avoid lien, docket no. 33.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of

the Court using the CM/ECF filing system, which will send notification of same to: the

Chapter 7 Trustee, Roberto Roman Valentin, Esq.; Carlos C Alsina Batista, Esq., Counsel

for Debtor; I also certify that a copy of this motion was sent via regular mail to the

debtor/respondent Carmen Ines Rosado Ramos 138 Plaza Serena EntreRios Encantada

Trujillo Alto PR 00976.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 5th day of June,
2012.

> /s/Roberto Figueroa Carrasquillo
> ROBERTO FIGUEROA CARRASQUILLO USDC #203614
> ATTORNEY FOR RESPONDENT
> RAFAEL A ORTIZ NEGRON
> PO BOX 186 CAGUAS PR 00726
> TEL NO 787-744-7699 FAX NO 787-746-5294
> Email: rigueroa@rfclawpr.com